UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| MICHAEL LEWIS WILEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:10-CV-00307-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN HOGSTEN, *Warden* | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

***** ***** ***** *****

Michael Lewis Wiley, confined in the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging disciplinary sanctions imposed against him.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court will deny Wiley's § 2241 petition, dismiss this proceeding without prejudice for failure to exhaust administrative remedies, and deny as moot Wiley's pending motions.

CLAIMS

On October 13, 2010, Timothy Smart, Disciplinary Hearing Officer ("DHO") at FCI-Manchester, found Wiley guilty of violating BOP Code 222, which prohibits the possession of

intoxicants.[1] Smart imposed sanctions consisting of the forfeiture of 26 days of vested good-time credits ("GTC"), 60 days of non-vested GTC, and six months' loss of commissary privileges.

Wiley alleges that because the DHO imposed harsher sanctions against him than he did against other inmates who had been charged with the same infraction, he violated Wiley's right to equal protection of the law guaranteed by the Fifth Amendment of the United States Constitution. Wiley seeks the reinstatement of his 60 days of non-vested GTC or any other relief that the Court deems proper.

DISCUSSION

Wiley does not allege that he exhausted the administrative remedies necessary to challenge a DHO disciplinary conviction and sanction. He argues that the exhaustion process is futile because he was not convicted of the disciplinary infraction until October 13, 2010, and given his rapidly approaching release date, he would not have time to complete the exhaustion process. According to the "Inmate Locator" feature of the Bureau of Prisons' ("BOP") website, www.bop.gov, Wiley's projected or actual release date is January 4, 2011.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief pursuant to § 2241. *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*, 959 F.2d

---

[1] The various levels of BOP offenses are set forth in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499. BOP Code No. 222, which is relevant to this action, prohibits the possession of intoxicants.

2

211, 212 (11th Cir. 1992) (per curiam); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). The exhaustion doctrine promotes a number of desirable goals including filtering out frivolous claims and developing a full and complete factual record. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Under the facts alleged, the Court cannot conclude that Wiley's compliance with the administrative remedy process would have been either impossible (time-wise) or futile. The administrative remedy process for appealing a disciplinary conviction involves only two steps: (1) an appeal (BP-10) to the Regional Director, *see* 28 C.F.R. § 542.14 (d)(2), and (2) if dissatisfied with that response, an appeal (BP-11) to the Office of General Counsel, *see* § 542.15 (a)-(b). This two-step process would have taken approximately sixty days.

If Wiley had commenced that process soon after his October 13, 2010, disciplinary conviction, he would have had time to complete the two-step process by now. Instead, he waited almost a month then filed this § 2241 petition on November 8, 2010. Whether the BOP's Regional Director or the General Counsel would have ruled in Wiley's favor during the administrative process is unknown because Wiley did not file the administrative appeals.

Even assuming that Wiley had fully completed the administrative exhaustion process and then sought judicial review in this Court, his claims face several obstacles on the merits. First, in order to comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the

evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.[2]

Due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 454-56 (1985). This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. A disciplinary tribunal is not required to base findings on overwhelming or irrefutable proof of guilt.

Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. A district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id*. at 455. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id*. at 457.

Second, Wiley claims the DHO selectively prosecuted him and/or gave more favorable disciplinary treatment to similarly situated prisoners. By alleging that the DHO discriminated against him and denied him equal protection of the law in violation of the Fifth Amendment, Wiley essentially asserts a condition of confinement claim. Since Wiley's relief demands are broad, he may be seeking damages for alleged discrimination.

---

[2] The due process requirements of *Wolff*, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq. *See*, *e.g.*, 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

If Wiley wishes to assert an equal protection claim seeking damages, he must do so in a separate civil action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the $350.00 filing fee or seek pauper status. Wiley is not permitted to assert prison condition damage claims in a § 2241 petition. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). A *Bivens* action cannot be brought until the disciplinary convictions have been reversed, as success in a *Bivens* action would necessarily imply the invalidity of the conviction. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (applying *Balisok* to *Bivens* actions).

Third and finally, Wiley's argument that the sanctions imposed against him were excessive lacks merit. Wiley alleges that he was convicted of "Possession of Intoxicants," which falls under the BOP's "High Category" of offenses pursuant to 28 C.F.R. § 541.13. The sanctions imposed against Wiley were clearly within the range authorized by Table 3 of the "Prohibited Acts and Disciplinary Severity Scale," set forth in 28 C.F.R. § 541.13.[3]

As for Wiley's pending motions, the record reflects that Wiley has paid the $5.00 filing fee, his motion for extension of time in which to pay the filing fee, R. 7, will be denied as moot. As this proceeding is being dismissed, Wiley's motion to compel production of documents, R. 8,

---

[3] The following disciplinary sanctions are available for an inmate convicted of committing a High Category offense: (1) forfeiture of up to 50 percent of earned statutory GTC or 60 days, whichever is less; (2) disallowance of between 25 and 50 percent (14-27 days) of GTC credit available for the year; (3) recommendation of a disciplinary transfer; (4) disciplinary segregation for up to 30 days; (5) monetary restitution; (6) withholding of statutory good-time credit; and (7) loss of privileges. See 28 C.F.R. § 541.13(a)(1) & (f) and "Table 3-Prohibited Acts and Disciplinary Severity Scale."

will be denied as moot. Despite the anticipated substantive deficiencies with Wiley's claims, the Court will dismiss his § 2241 petition without prejudice to him properly submitting his claims to the BOP through the Administrative Remedy process, 28 C.F.R. § § 542.10- 542.19.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Michael Lewis Wiley's 28 U.S.C. § 2241 petition is **DENIED;**

(2) Wiley's motion for extension of time in which to pay the filing fee, R. 7, is **DENIED** as **MOOT**;

(3) Wiley's motion to compel production of documents, R. 8, is **DENIED** as **MOOT**;

(4) This action is **DISMISSED WITHOUT PREJUDICE** to Wiley asserting his claims through the BOP's Administrative Remedy Procedures, 28 C.F.R. § 542.13-19, and filing a new § 2241 petition if his claims are adversely decided; and

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Karen Hogsten, the respondent.

This December 14, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge